When this case was before the court at the January term, we held that it was not so presented as to enable us to examine the merits. We gave to the appellant leave to apply to the Supreme Court as he should be advised, notwithstanding the appeal, for the resettlement of a proper Case with a finding of facts; and we fixed the time within which that was to be accomplished, having regard to the time which would probably be necessary to enable him to procure the leave and direction of the Supreme Court in the premises, and to proceed to the actual settlement of the case, if that court granted him relief upon his application. The record which he desires to amend is a record of the Supreme Court, and their direction and allowance is necessary to authorize its amendment. The whole proceeding is matter of practice, over which that court has control, and it is, of course, to be presumed that their power will be exercised under such circumstances and on such terms as justice shall require. Whether it is regular for the appellant to go at once before the referee with his proposed case, or whether he must first get the leave of the Supreme Court depends on their practice, and we do not exercise any control over it.
The case of Johnson v. Whitlock (3 Kern., 344) points out the mode of proceeding to review a decision of a referee, according to our views of the proper practice, and the appellant, if he wishes a review in this court, must procure a case to be made up as there pointed out.
The appellant seems to have been diligently endeavoring to procure a finding by the referee; and though we should incline to think he had not pursued the proper practice in applying first to the referee, we still think he ought to be allowed further time to enable him to make his application in the Supreme Court for the relief he requires and to *Page 617 
follow out the directions which that court may give. For that purpose his time will be extended to the September term of this court; but he is to procure the settlement and print and serve his Cases in sufficient time to enable the respondent to notice the cause for that term. This time must, we think, be ample to enable the appellant to carry through any application like that in question in the Supreme Court. Should it, however, be found impossible to procure a decision of that court in the time limited, he will still be at liberty, on showing diligence, to make a further application for time to this court. The relief thus given is to be on payment of $10 costs.
Ordered accordingly.